*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
MONAHAN, STEPHENS, and DEERWESTER
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**Rodolfo M. GONZALEZ**
Lance Corporal (E-3), U.S. Marine Corps
*Appellant*

**No. 201900281**

Decided: 2 March 2021

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Glen R. Hines, Jr.

Sentence adjudged 13 June 2019 by a special court-martial convened at Camp Lejeune, North Carolina, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: confinement for 180 days, reduction to E-1, and a bad-conduct discharge.

For Appellant:
*Commander Daniel J. McCoy, JAGC, USN*

For Appellee:
*Major Kyle D. Meeder, USMC*

Judge DEERWESTER delivered the opinion of the Court, in which Chief Judge MONAHAN and Senior Judge STEPHENS joined.

_____

**This opinion does not serve as binding precedent but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

_____

DEERWESTER, Judge:

Appellant was convicted, pursuant to his pleas, of four specifications of orders violations, in violation of Article 92, Uniform Code of Military Justice [UCMJ]; one specification of use of a controlled substance in violation of Article 112a, UCMJ; five specifications of assault consummated by a battery, in violation of Article 128, UCMJ; and one specification each of communicating a threat and obstruction of justice, in violation of Article 134, UCMJ, 10 U.S.C. §§ 892, 912a, 928, 934.

Appellant asserts three assignments of error: (1) the Court should disapprove guilty findings for five specifications for which there was no factual inquiry and one specification for which the factual inquiry was inadequate; (2) the Court should disapprove findings that are not recorded in the Entry of Judgment; and (3) the Court should refuse to accept for appellate review a record that is not certified by a detailed court reporter or verified by either of the military judges who participated in the proceedings.

## I. DISCUSSION

Appellant asserts that the military judge failed to conduct a proper providence inquiry for multiple specifications prior to finding him guilty. He further asserts that the record as transcribed and certified was so poor as to render appellate review impossible. Finally, he asserts that the Entry of Judgment did not contain findings of several specifications to which he pleaded guilty, which should result in this Court setting aside those convictions not found in the entry of judgment.

The record of trial originally submitted to the Court for review contained an incomplete, incorrect transcript of the proceedings. The transcribed portions for approximately 41 minutes of the proceedings were missing, including the providence inquiry for the majority of the specifications of which Appellant was convicted. This error was not corrected at certification by the military judge, nor addressed by either appellate defense counsel or appellate government counsel, who both submitted extensive pleadings under the assumption that the providence inquiry conducted by the military judge was incomplete.

The record of trial did, however, contain the entire audio recording, including the entire providence inquiry for all charges and specifications to which Appellant pleaded and was found guilty, as required under Rule for Courts Martial [R.C.M.] 1112(b)(1).

The Court ordered the Government to provide a complete and correct transcript pursuant to R.C.M. 1114(a)(1), as well as the entire Entry of Judgment. Those documents were received by the Court on 24 November 2020. The Court granted appellate defense counsel an additional 30 days to provide supplemental briefing, which he declined.

## II. CONCLUSION

After careful consideration of Appellant's assigned error, the record of trial, and the parties' submissions, we conclude the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred. UCMJ arts. 59, 66. Accordingly, the findings and sentence are **AFFIRMED**.

Chief Judge MONAHAN and Senior Judge STEPHENS concur.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court